**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HEATHER M. DERRYBERRY, | No. 2:15-CV-0465-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 14) and defendant's cross-motion for summary judgment (Doc. 15).

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on June 28, 2011. In the application, plaintiff claims that disability began on January 1, 2006. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on March 25, 2013, before Administrative Law Judge ("ALJ") Barry H. Jenkins. In an August 14, 2013, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): anxiety disorder, bipolar disorder, and borderline intellectual functioning;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: she can perform a full range of work at all exertional levels except she is limited to simple tasks with only occasional interaction with the public and co-workers, and she may not perform production rate pace work; and

4. The claimant can perform her past relevant work.

After the Appeals Council declined review on January 2, 2015, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's

decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III.  DISCUSSION

In her motion for summary judgment, plaintiff argues that the ALJ failed to consider whether her intellectual impairment meets or medically equals Listing 12.05. The Social Security Regulations "Listing of Impairments" is comprised of impairments to fifteen categories of body systems that are severe enough to preclude a person from performing gainful activity. Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). Conditions described in the listings are considered so severe that they are irrebuttably presumed disabling. 20 C.F.R. § 404.1520(d). In meeting or equaling a listing, all the requirements of that listing must be met. Key v. Heckler, 754 F.2d 1545, 1550 (9th Cir. 1985).

As to the listings, the ALJ stated:

> The severity of the claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listing 12.04 and 12.06. In making this finding, I have considered whether the "paragraph B" criteria are satisfied. To satisfy the "paragraph B" criteria, the mental impairments must result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. A marked limitation means more than moderate but less than extreme. Repeated episodes of decompensation, each of extended duration, means three episodes within 1

year, or an average of once every 4 months, each lasting for at least 2 weeks.

The greater weight of the evidence reveals that the claimant has mild restriction in activities of daily living, mild difficulties in social functioning, moderate difficulties with regard to concentration, persistence, or pace, and no episodes of decompensation, which have been of extended duration.

She reported that she is able to bathe and dress herself.  She cleans, does laundry, and washes the dishes.  She likes to swim.  She watches television.  She attends church.  She has friends who come over sometimes (Exhibits 2F/3, 6F/6).

Because the claimant's mental impairments do not cause at least two "marked" limitations or one "marked" limitation and "repeated" episodes of decompensation, each of extended duration, the "paragraph B" criteria are not satisfied.

I have also considered whether the "paragraph C" criteria are satisfied.  In this case, the evidence fails to establish the presence of the "paragraph C" criteria.  The claimant's mental impairments have not resulted in repeated episodes of decompensation, each of extended duration; a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement; or complete inability to function independently outside the area of one's home.

The ALJ did not specifically consider Listing 12.05.

According to plaintiff, she meets the requirements of Listing 12.05C because she has deficits in adaptive functioning,  she has a full-scale IQ of 67, and she has other significant mental impairments (i.e., anxiety and bipolar disorder).  As defendant notes, however, Listing 12.05C also requires evidence that deficits in adaptive functioning manifested before age 22.  Plaintiff has presented no evidence of deficits in adaptive functioning prior to age 22.  As defendant also notes, the "other impairment" required by the listing must impose additional and significant work-related limitations.  Plaintiff has not presented evidence that her other mental impairments (anxiety and bipolar disorder) impose such restrictions.

4

## IV.  CONCLUSION

Based on the foregoing, the court concludes that the Commissioner's final decision is based on substantial evidence and proper legal analysis.  Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 14) is denied;
2. Defendant's cross-motion for summary judgment (Doc. 15) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this file.

DATED: September 22, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE